### WALTER CHANCE v. THE STATE.

#### 5339.   Decided March 12, 1919.

1.—Local Option—Agency—Accommodation.
    Where, upon trial of a violation of the local option law, the defendant claimed to have no interest in the matter other than to accommodate the purchaser, the court should have affirmatively instructed the jury that if this theory was sustained to acquit the defendant.

2.—Same—Purchaser—Charge of Court—Accomplice—Principals.
    The purchaser of the liquor alleged to have been sold is by law dedeclared not to be an accomplice, nor is he a principal; and it was error in the court's charge, under defendant's theory of defense of agency, to charge on the law of principals, but he should have given a more comprehensive charge on that of agency.

Appeal from the Criminal District Court of Bowie. Tried below before the Hon. P. A. Turner, judge.

Appeal from a conviction of a violation of the local option law, penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*O. B. Pirkey,* for appellant.—On question of courts charge; McElwee v. State, 73 Texas Crim. Rep., 445, 165 S. W. Rep., 927; Barnes v. State, 57 Texas Crim. Rep., 449, 125 S. W. Rep., 39.

On question of agency and accommodation: Brewster v. State, 65 Texas Crim. Rep., 474, 145 S. W. Rep., 339; Thomas v. State, 66 Texas Crim. Rep., 472, 147 S. W. Rep., 578.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for unlawful sale of intoxicating liquors, in a part of the State where such liquors were prohibited under the local option law.

The State's evidence showed that the purchaser asked appellant if he could obtain some whisky for him; that appellant consented to do so, stating that a pint would cost $3, and that sometime thereafter he returned and delivered a pint of whisky, the purchaser paying him $3 therefor.

The appellant's theory and testimony was to the effect that the purchaser asked him to get some whisky for him, and that on appellant's promise to try to buy some for him the purchaser gave him $3 for that purpose, which he afterwards used in buying for the purchaser the pint of whisky which he delivered. He claimed that he bought it from Rudy, and introduced some corroborating evidence. He claimed to have no interest in the matter further than to accommodate the purchaser. There arose from this evidence three theories: First that appellant sold the whisky; Second, that he acted as the agent of Rudy, the seller, in either of which events he would be guilty; and Third that he acted purely for the accommodation of the purchaser, and was witout interest in, and derived no benefit from, the transaction. In this event he would not have been guilty.

The court, in addition to the submission of the issues mentioned, instructed the jury on the law of principals, embodying the substance of the statute, article 74 Penal Code, defining a principal as one who knowing of the unlawful act, and being present at its commission, aids or encourages it.

Looking alone to the definition of principals, it can be plausibly contended that one, who knowing the sale of intoxicating liquor is unlawful aids and encourages the unlawful act by making the purchase, is a principal. To regard him so would tend to obstruct the conviction of the seller by rendering unavailable to the State the testimony of the purchaser. To obviate this disadvantage the Legislature declared that the purchaser was not an accomplice. Penal Code, Art. 602; and this court, in construing the law, has held that he was not a principal. Sears v. State, 35 Texas Crim. Rep., 442; Fox v. State, 53 Texas Crim. Rep., 150; Trinkle v. State, 59 Texas Crim. Rep., 257. The uniform holdings of this court are to the effect that where the defensive theory raised by the evidence is that the accused was not interested in the sale and not acting as the agent of the seller but acted solely for the accommodation of the purchaser in obtaining the liquor for him that the jury should be instructed affirmatively that this theory being sustained, an acquittal should result. Cowley v. State, 72 Texas Crim. Rep., 173, 161 S. W. Rep., 47; Scott v. State, 70 Texas Crim. Rep., 57, 153 S. W. Rep., 871; Branch's An. P. C., p. 713, art. 1248 and cases listed.

The charge on the law of principals is in conflict with the defense of agency for the purchaser in that it leads to the conclusion that the act of the agent in buying the liquor for the purchaser was such "aid or encouragement" of the seller as would make the agent guilty as a principal. Its effect is to confuse and mislead the jury as to the true rule of law by which they are to be governed. The court in our opinion, should have, in response to appellant's objection to the charge, eliminated the charge on

principals.   The appellant requested a more comprehensive and accurate charge on the law of agency, and on another trial it should, if requested, be given or embodied in the court's charge.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*