## DAN ARMSTRONG. v. THE STATE.

### No. 5524.   Decided December 17, 1919.

**1.—Incest—Contradicting Witness—Corrobation.**

Where, upon trial of incest, the defendant indeavored to impeach the testimony of one of the main State's witnesses, and upon her denial of making certain statements to others, placed witnesses on the stand that such statements were made to others, the State had the right to corroborate the witness whose testimony was thus attacked by showing that at other times and paces the said State's witness had made statements similiar to the testimony given on trial.

**2.—Same—Accomplice—Charge of Court.**

Where the court's charge on accomplice testimony was not in the usual form, but was substantially correct as applied to the facts in the instant case, there was no reversible error.

Appeal from the District Court of Navarro.   Tried below before the Hon. J. B. Daviss, judge.

Appeal from a conviction of incest;   penalty, five years imprisonment in the penitentiary.

The charge of the court on accomplice testimony was as follows: "You are instructed that if you believe from the evidence on this trial, beyond a reasonable doubt, that there was an act of intercourse between the defendant and Katherine Armstrong, and if you further believe that said Katherine Armstrong is the daughter of the defendant; yet, unless you further believe that said act of intercourse was against the will and without the consent of the said Katherine you are instructed that she would be an accomplice; and in such event the law would require that her testimony be corroborated by other testimony in the case, which you believe to be true, and which tends to show the commission of the offense by the defendant and if you believe that said Katherine Armstrong is an accomplice of the defendant, in the act of the intercourse, if any, you cannot find defendant guilty of incest unless you also find that there is other evidence in this case, corroberating the testimony of said Katherine which you believe to be true, and which tends to show the commission of the offense.   Said corroboration, if any, would not be sufficient if it only tends to show the act of intercourse, if any."

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—On question of charge on accomplice;   Skidmore v. State, 57 Texas

Crim. Rep., 497, 123 S. W. Rep., 1129; Burford v. State, 68 Texas Crim. Rep., 295, 151 S. W. Rep., 538; Jordon v. State, 62 Texas Crim. Rep., 380, 137 S. W. Rep., 114.

LATTIMORE, JUDGE.—Appellant was convicted of the crime of incest, alleged to have been committed with his daughter, and his punishment was fixed at five years confinement in the penitentiary.

There is but one bill of exceptions in the record, and its contention is that the trial court erred in allowing the State to show by one Walter Price, that at his house, and some time after the arrest of appellant, witness heard Dora Armstrong, the daughter of appellant, state that she "saw papa on the bed on top of Katherine the other day." The objection to this evidence was that it was hearsay. Dora Armstrong had been placed on the stand as a witness for the State, and had testified that on the occasion, which is the basis of this prosecution against appellant, he sent her mother away from home and her to the field, and that she, witness, came back to the house to get her shoes, and looked in at the window and saw appellant in bed with her sister Katherine, and that he was on top of her. Upon cross-examination of this witness, the defendant endeavored to get her to admit that she had told other parties that she knew nothing against her father, and that she did not see him in bed with Katherine, or on top of her; and upon her denial of such statements, two of those named to her were placed on the stand as witnesses for appellant, and each of them testified that Dora had told them at the time and place inquired about, that she did not see her father in bed with Katherine or on top of her.

Under this state of the case, it is too well settled to call for discussion, that the State may corroborate the witness whose testimony is thus attacked, by introducing evidence that at other times and places, such witness had made statements similar to the testimony given on the instant trial. Branch's Annotated Penal Code, Sec. 181, and authorities cited.

Exceptions were reserved to the court's charge on accomplice testimony, and we have examined same with a good deal of care. While the said charge is not in the usual form, we think it substantially correct, as applied to the facts of this case. The case was one of direct evidence, the daughter with whom the alleged incestuous intercourse was had, testifying positively to the commission of the offense, and that while same was in performance, the younger daughter, Dora, came up and looked through the window at herself and her father, and that appellant ordered Dora away. Dora testified that she saw the said performance through said window, and that appellant ordered her to go back to the field.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*