Z. L. Nations v. The State.

No. 6408.   Decided February 15, 1922.

1.—Aggravated Assault—Credibility of Witness—Part of Conversation.

Under Article 811, Vernon's C. C. P., when any part of an act, declaration, conversation, or writing, is given in evidence by one party, the whole on the same subject may be introduced by the other party. Following Davis v. State, 85 Texas Crim. Rep., 15.

2.—Same—Discrediting Witness—Rule Stated—Supporting Testimony.

When the attempt to discredit a witness advances to where it is in evidence that he has made statements at other times and places at variance from the testimony now given, or that he has been approached by influences which affect his testimony, etc., he may be supported by the introduction of statements made by him similar to those given on the witness stand, and which were made before the approach of such influences, etc. Following Marable v. State, 87 Texas Crim. Rep., 28, and other cases.

3.—Same—Evidence—Insanity—Judgment of Lunacy.

Where a lunacy judgment rendered about a year prior to the instant trial was offered in evidence to disqualify the state's witness, there was no error to admit testimony of a physician that from his personal knowledge of his treatment of the witness at the insane asylum from which he had been discharged as cured, and as to his mental condition at the time of the al-

leged homicide, and at the time of the instant trial, and that at all these times the witness was sane. Following Singleton v. State, 57 Texas Crim. Rep., 560.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of aggravated assault, on an indictment charging the defendant with murder; penalty, one year confinement in the County jail.

The opinion states the case.

*Wynne & Wynne,* for appellant—On question of admitting part of conversation:—Anderson v. State, 50 Texas Crim. Rep., 136; Poole v. State, 48 id., 480.

On question of insanity and judgment of lunacy: Hazelwood v. State, 186 S. W. Rep., 201.

On question of proof of similar statements: Porter v. State, 50 S. W. Rep., 380; Sanders v. State, 31 Texas Crim. Rep., 529. Conway v. State, 33 id., 329.

*R. G. Storey,* Assistant Attorney General, and *H. R. Young,* County Attorney, for the State.—On question of part of conversation: Burnett v. State, 201 S. W. Rep., 400, and cases stated in opinion.

On question of insanity and lunacy judgment: Lanier v. State, 182 S. W. Rep., 451; Witty v. State, 153 Id., 1146.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kaufman County of an aggravated assault, and his punishment fixed at one year in the county jail.

Appellant was placed upon trial for murder and under a charge submitting aggravated assault in addition to the various degrees of murder, was found guilty as stated. All the complaints made before this court are of the introduction of certain evidence.

B. G. Adams was a State witness. On cross-examination appellant brought out the fact that this witness had made statements at other times and places at variance with those now made by him. Part of a written statement theretofore made by said witness was read to him by appellant, and he admitted having made such statement. The whole of said statement was then offered by the State, to which appellant objected. It was admissible. Article 811, Vernon's C. C. P., pointedly says that when any part of an act, declaration, conversation or *writing,* is given in evidence by one party, the whole on the same subject may be introduced by the other party. Davis v. State, 85 Texas Crim. Rep., 15; 209 S. W. Rep. 749.

Other matters affecting the truthfulness of the testimony of this witness were also gone into on such cross-examination. A strong

91 Tex.—8

effort was made to get said witness to admit that he had made a trade with the State's attorney, by which immunity from prosecution was promised said witness as a reward for testifying for the State. Appellant introduced part of the testimony of said witness as given at a former trial, from which it appeared that he then admitted having told several people a story of the killing favorable to the accused, to which he adhered until, as he then admitted, he had made a trade with the county attorney to testify against appellant in consideration that he should not himself be prosecuted. As rebutting the inference of falsehood in his testimony, arising from such cross-examination and evidence, the State introduced a written statement made by said witness soon after this alleged homicide, which written statement agreed with his evidence in chief on the instant trial. The rule seems to be that when the attempt to discredit a witness, advances to where it is in evidence that he has made statements at other times and places variant from his testimony now given, or that he has been approached by influences claimed to be corruptive and which affect his testimony now given, he may be supported by the introduction of statements made by him similar to those now given, and which were made before the approach of such corruptive influence, or before the making of the statements offered to impeach. Marable v. State, 87 Texas Crim. Rep., 28; 219 S. W. Rep. 455; Armstrong v. State, 86 Texas Crim. Rep. 444; 216 S. W. Rep., 1098; Branch's Ann. P. C., Sec. 181.

The State introduced one Judy as a witness. The jury were withdrawn and it was developed that said witness had been adjudged insane in Hunt County and sent to the insane asylum at Terrell in March, 1920. On August 3, 1920, said witness was paroled, and had been allowed to go at large since said time. Thereupon appellant objected to the reception of any evidence from said witness, on the ground that he was incompetent to testify so long as the judgment of conviction of lunacy remained in force, and until it was shown that such witness had been discharged from said asylum as cured. The bill of exceptions presenting this matter is qualified by the trial court's statement that when this witness was tendered by the State, he was shown in limine to be in a sane condition at that time. The record also contains the testimony of Dr. Menefee, one of the physicians at the North Texas Hospital for the Insane at Terrell, who testified to his personal knowledge and treatment of the witness Judy, and to his mental condition at the time of the alleged homicide and of the trial; and that at such times said witness was a sane man. Reference to Art. 788, Vernon's C. C. P., makes it appear that in order to be shown incompetent, for the reason here urged, the party objecting to a witness must show him to be insane at the time he is offered as such witness, or that he was insane at the time of the occurrence about which he is called to testify. That there exists an unvacated judgment, adjudging the offered witness a lu-

natic, will not suffice to reject his testi.ɪ.ɔny, was held by us in Singleton v. State, 57 Texas Crim. Rep. 560. It is true that the lunacy judgment in said case was rendered six years anterior to the time of the testifying of the witness, while in the instant case such judgment was rendered only about a year prior thereto, but the question of competency, in so far as it relates to the mental capacity of the offered witness, is to be decided on his then mental condition; and is primarily for the decision of the trial court whose judgment thereon may be arrived at by a voir dire examination of the witness himself, or from what may be said of his mental condition by others. In the Singleton case, supra, we referred to the fact that the court below, from his explanation to the bill of exceptions, appeared to have satisfied himself that a witness formerly adjudged insane, had recovered his mental balance and was sane and competent to give an intelligent account of the matter about which he was called. In 40 Cyc. p. 2240, the rule is laid down that as to such witness, his competency may be made to appear by a voir dire examination or by outside evidence. We find ourselves unable to uphold appellant's objection to the testimony of witness Judy. We further observe that the testimony of said witness as same appears in the record, is devoid of anything remotely reflecting an unbalanced mind. From what we have said, it follows in our opinion there was no error in allowing Dr. Menefee to testify to the sanity of said witness Judy at the time he was offered as a witness, and also at the time of the occurrence of the alleged homicide.

This disposes of the errors here presented, and finding none for which a reversal should be ordered, the judgment of the lower court will be affirmed.

. *Affirmed.*