Johnny Murrell MABOU, Appellant,

v.

The STATE of Texas, Appellee.

No. 41270.

Court of Criminal Appeals of Texas.

May 29, 1968.

Rehearing Denied July 24, 1968.

Marvin O. Teague, Houston (On Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Edward B. McDonough, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The offense is robbery by assault; the punishment, seven years.

■ In his first ground of error appellant challenges the sufficiency of the evidence to support the conviction.

The injured party, a young man eighteen years of age, testified that on the day in question, in response to a draft notice, he came to Houston from Baytown for the purpose of taking his physical, preliminary to his induction into the armed services. After completing his appointment with the draft board around 1:30 p.m. and while waiting for a bus which was to depart at 6 p.m., the injured party went to the Texas Lounge to shoot some pool. After he had started shooting, appellant approached and asked to join him in a game. The injured party agreed, and the two then played a game. While they were playing, the injured party asked appellant if there was a place nearby to pick up some girls. Appellant replied that he had three girls in a hotel and quoted three different prices. The injured party replied that he did not have the money, and the two men then went to a table and sat down with two other men and a girl and the injured party drank a coke. While sitting at the table, appellant said he had to go to the restroom and asked the injured party to come with him. They then went to the restroom and after entering, behind the closed door appellant hit the injured party, with his fist, on the right jaw and told him to hand over his billfold. At the time, appellant also told the injured party that he had a .38 calibre pistol in his pocket. The injured party testified that at such time he was in fear of his life or serious bodily injury and that he handed appellant his billfold. Appellant then proceeded to take nineteen dollars in money from the billfold and gave two dollars back to the injured party for bus fare back to Baytown. After taking the money, appellant told the injured party that if he

went to the police he would go to the injured party's house and "mess my folks up"—which the injured party construed to mean that he meant to kill them. The injured party swore that he did not give appellant his consent or permission to take the money and that after it was taken he and appellant left the restroom and returned to the lounge, where, at appellant's command, they sat down at a table. While sitting at the table, appellant told his "buddies," who were drunk, that he had just taken the money. The injured party, who at the time was afraid of appellant, then said he was going to leave, and appellant said, "okay * * *." The injured party then left the lounge and went to the bus station, where he reported the robbery, and the police were called.

The evidence is sufficient to sustain the conviction for robbery by assault and violence, as alleged in the indictment.

■ We do not agree that because the injured party admitted on cross-examination that he was "not necessarily a believable person" his testimony was of no probative value.

■ The jury were the exclusive judges of the credibility of the witness and of the weight to be given his testimony. Tice v. State, Tex.Cr.App., 425 S.W.2d 824.

In his second ground of error, appellant complains of the court's refusal to grant a mistrial after the state offered in evidence a police offense report.

■■ The record shows that during the cross-examination of Officer Tello appellant's counsel was furnished a police report which the officer and his partner had prepared in the case. Counsel, then, in his cross-examination of the officer, read from the report and obtained an admission from him that a certain statement in the report was at variance with his testimony. At the conclusion of the cross-examination the state offered the report in evidence. Appellant's objection to the offer was by

the court sustained, and the jury were instructed "to disregard it." We perceive no reversible error, under our recent holding in Reagan v. State, Tex.Cr.App., 423 S.W. 2d 335. It should also be observed that in view of the action of appellant's counsel in reading certain portions of the police report to the witness in the presence of the jury, the court would not have erred in permitting the state to offer in evidence other portions of the report on the same subject. Art. 38.24, Vernon's Ann.C.C.P.; Nations v. State, 91 Tex.Cr.R. 112, 237 S. W. 570; Aughts v. State, Tex.Cr.App., 364 S.W.2d 689.

In his original brief filed with the clerk of the trial court, appellant complains of the closing argument of state's counsel, by his ground of error No. Three, which reads as follows:

"The entire argument of the prosecutor in this cause to the jury was so prejudicial and inflammatory as to deprive this defendant of a fair and impartial trial. The argument of state's counsel is now set out verbatim * * *."

Following the statement of such ground of error, the entire closing argument of state's counsel is set forth in appellant's brief but no reference is made by appellant to any particular argument or ruling by the court of which he desires to complain, as required by Art. 40.09–9, C.C.P. The ground of error presents nothing for review.

In his supplemental brief, also filed in the trial court, appellant complains of certain jury argument of state's counsel in his ground of error No. Five, which reads as follows:

"The argument of the prosecutor in this cause to the jury was so prejudicial and inflammatory as to deprive this defendant of a fair and impartial trial. The objectionable argument of state's counsel is now set out verbatim * * *."

A portion of the closing argument of state's counsel, with appellant's objections and the court's rulings thereon, is then set forth in appellant's brief.

We have considered the argument specifically complained of and find no error. The argument first objected to and overruled was supported by the evidence, and the other objection, on the ground that state's counsel had referred to appellant's failure to testify—although sustained by the court and the jury instructed to disregard—was without merit. Also, appellant, after receiving favorable rulings from the court, made no motion for a mistrial.

In his fourth ground of error, appellant insists that he was deprived of due process of law because one of the jurors was subject to challenge for cause, which he (appellant) did not know until after rendition of the verdict in the cause. Appellant insists that for such reason he was denied trial by *an impartial jury*, as guaranteed by Art. 1, Sec. 10, of our State Constitution, Vernon's Ann.St.

In support of his amended motion for new trial, it was stipulated by and between the state and the appellant that if Ivan E. Schulen were called as a witness he would testify:

"that he was a juror in the above entitled and numbered cause, that during the voir dire examination of the jury panel, he did not hear the question by Joseph S. Maida, Assistant District Attorney, of Harris County, Texas, 'Whether any member of the jury panel had ever had a personal interest in the outcome of a criminal case?' asked and, as such, did not reply. In fact, the said Ivan E. Schulen has a son, John A. Schulen, who has been convicted and sentenced to the Texas Department of Corrections and that this caused the said Ivan E. Schulen to be prejudiced against anyone being confined in the Texas Department of Corrections. In fact, if the said Ivan E. Schulen had heard the said question asked, he would have stated that he could not be a fair and impartial juror in the above numbered and entitled

cause, because he would not want to have the responsibility of putting someone in the penitentiary."

From the facts stipulated, the bias or prejudice, if any, of the juror was in favor of rather than against the appellant. Viewed from his standpoint, this would not be in violation of Art. 1, Sec. 10, of the Constitution.

In Stockton v. State, 148 Tex.Cr.R. 360, 187 S.W.2d 86, this court stated:

"Our Constitution, Art. 1, Sec. 10, Vernon's Ann.St., guaranties to a party on trial circumstances and conditions entitling him to the assurance that no sentiment or design *against* him shall find a way into the jury box save that raised by the testimony heard upon the trial." (Emphasis, supplied.)

We further observe that the court and not the jury assessed the punishment. The ground of error is overruled.

The judgment is affirmed.