**Earl Wayne SANDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43089.**

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

Rehearing Denied Oct. 21, 1970.

**William Robert BROWN et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 42979.**

Court of Criminal Appeals of Texas.

July 8, 1970.

G. Stanley Rentz, Waco (Court Appointed), for appellant.

Martin D. Eichelberger, Dist. Atty., Frank M. Fitzpatrick, Jr., Kenneth H. Crow and James R. Barlow, Asst. Dist. Attys., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The offense is robbery by the use of firearms; the punishment, seventy-five years.

The State's testimony shows that appellant and two others robbed a grocery store in Waco on the 23rd day of December, 1967. The sufficiency of the evidence is not challenged.

Appellant contends that reversible error was committed when certified copies of a judgment, verdict and sentence in a case in which appellant had been convicted for murder in a separate transaction were admitted into evidence.

Fannie Emil Kidwell, called as a witness for the State, testified that on the day of the robbery she, along with the appellant and others, left Fort Worth and arrived in Waco about four o'clock in the morning and spent the rest of the night there. The appellant, with Charles Hardin, her then husband, and another man, left the house around ten o'clock and returned about eleven-thirty that morning with several sacks of money. Later that day all of them went back to Fort Worth.

To impeach the witness, by showing that she testified at the murder trial that they were not in Waco on the date of the robbery, appellant introduced a certified copy of her testimony. The State, over objection, then introduced the verdict, judgment and sentence in appellant's murder conviction in Tarrant County.

The State contends that the records showing the conviction were admissible under Article 38.24, Vernon's Ann.C.C.P., which provides:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

The State urges that since the appellant had gone into the matter of the testimony of a former trial, that it was therefore permissible to introduce into evidence anything which pertained to that trial. Reliance is had upon Taylor v. State, Tex.Cr.App., 420 S.W.2d 601. There the defense introduced statements from a deposition given by a physician as well as the physician's testimony at a former sanity hearing. The State, over objection, was then permitted to read into evidence statements of the physician relating to prejudicial extraneous transactions and offenses committed by the defendant. This was held to be admissible under the terms of Article 38.24, V.A. C.C.P.

The State also relies upon Trammell v. State, 145 Tex.Cr.R. 224, 167 S.W.2d 171, which held that where one party inquires into a conversation that the other party may inquire as to all parts of the conversation, even though it may reveal certain facts which are not otherwise directly admissible.

The Taylor and Trammell cases are not applicable.

Appellant relies upon Earnest v. State, 83 Tex.Cr.R. 257, 202 S.W. 739, where the defense introduced isolated portions of a girl's testimony in an examining trial, and the State introduced the entire statement.

In reversing the conviction, the court wrote:

"* * * [t]he state would have the right to introduce such portions of her examining trial testimony as bore upon and were explanatory of those put in evidence by appellant, but that portion of the examining trial testimony that did not shed light upon those introduced by defendant would not be admissible. * * *"

The verdict, judgment and sentence in the Tarrant County conviction did not explain in any way, or shed any light upon the testimony of the witness whose testimony was sought to be impeached, and they are not admissible under Article 38.24, supra.

In view of the disposition of the case, the remaining contentions will not be discussed.

For the error discussed, the judgment is reversed and the case remanded.