**Mary Ellen GARCIA and Joe G. Herrera,**
**Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 44519.**

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

Rehearing Denied Dec. 21, 1971,
for Joe G. Herrera.

John Eaton, San Angelo, for Mary Ellen Garcia and Jerry Johnson, San Angelo, for Joe G. Herrera, for appellant.

Frank C. Dickey, Jr., Dist. Atty., and Aaron Goldberg, Asst. Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is sale of heroin; the punishment, twenty-five (25) years. These appellants were indicted separately but tried jointly. Since their conviction the appellant Mary Ellen Garcia has escaped and has not been returned to custody and her appeal is dismissed. Appellant Herrera advances several grounds of error. His first is that the Court erred in failing to charge on the defense of entrapment. A detailed statement of the facts is necessary.

Agents Larsen and Flynn of the Narcotic Section of the Department of Public Safety testified that they were in San Angelo on the day in question acting under cover and went to a certain pool hall where they were approached by appellant Herrera and asked if they wanted to "score for some smack." It was explained that "score" meant to buy and "smack" meant heroin in underworld parlance. After they stated that they did, they proceeded to the door of the poolroom and on the sidewalk they met appellant Garcia, and she said, "Let's go, man, we can get the stuff." They then proceeded in an unmarked State car, with the two agents in the front seat and Herrera and Garcia in the rear seat, to a certain grocery store where Garcia excused herself for a short period of time, then returned and delivered the narcotics to one of the agents. Prior to leaving the automobile, she demanded and received ten dollars from one of the agents. The substance delivered was established by the testimony of the chemist to be heroin.

Herrera did not testify, but Garcia testified that the two agents appealed to her sympathy, claiming that they were sick, and that she purchased the heroin from an unknown source as an accommodation for the two agents, whom she thought to be narcotic addicts. It should be noted that Garcia's appeal has been dismissed and Herrera did not testify.

Garcia's testimony as to what she and the agents said outside the poolroom could not accrue to Herrera's benefit because the agents had already made contact with Her-

rera and were on their way to get the narcotics when they first met Garcia. Her testimony could not be said to raise an issue that Herrera was entrapped and since Herrera did not testify the issue of entrapment as to him was not raised. Beck v. State, 171 Tex.Cr.R. 534, 360 S.W.2d 410 (1962). The testimony of Raymond Cruz that the narcotic agents went directly to Herrera when they entered the pool hall would not establish entrapment.

■ Appellant's second ground of error is that the evidence is insufficient to support the conviction. Reliance is had upon Durham v. State, 162 Tex.Cr.R. 25, 280 S. W.2d 737 (1955). *Durham* has no application to Herrera. *Durham* holds that in some circumstances an accommodation purchaser may not be guilty of making a sale. No such facts are before us here. The only evidence in this record is that Herrera approached the officers originally and offered to sell them heroin. When the sale was shown to have been made the State's case was complete. It would appear that Herrera got more than he was entitled to when the Court charged on accommodation purchaser as to him.

■ The third ground of error is that the court erred in charging the jury on the law of principals in conjunction with the defense of accommodation agency. Reliance is had upon Chance v. State, 85 Tex. Cr.R. 62, 210 S.W. 208 (1919). The distinction is apparent. Chance acted alone, and to charge on the law of principals in such a case would have left the impression that the accommodation purchaser was acting as principal with the buyer. It is clear from the charge before us that the court was instructing the jury as to Herrera and Garcia acting together as principals. Appellant's third ground of error is overruled.

■ Appellant's fourth ground of error is that the evidence is insufficient as to the nature and quantity of the substance alleged to be heroin in this case. The testimony of the arresting officer that he ran

the "Marquis" test and that it showed the substance in question to be heroin was clearly admissible. The quantity of the heroin tested was thirteen hundredths of a gram which is in excess of what this Court held to be sufficient to sustain a conviction in Tomlin v. State, 170 Tex.Cr.R. 108, 338 S.W.2d 735. Furthermore, the testimony of Chemist Taft indicated he had run four tests leading to the conclusion that it was heroin. This is what this Court approved in Aguero v. State, 164 Tex.Cr.R. 265, 298 S.W.2d 822 (1957).

■ Appellant's sixth ground of error is that the court erred in receiving the offense report in evidence after its use on cross-examination. A typical question by defense counsel was:

"But as to the things that aren't in the case report we just have to trust your independent recollection of the events, is that correct?"

\*　　\*　　\*　　\*　　\*　　\*

Also:

"Some other things that you testified about this morning, Jerry, that are not in the report: Let me ask if you recall your testimony this morning that you said when you left the drive-in grocery out there that you were going out—or you told these defendants that you were going out to shoot up or to use this alleged substance; was that your testimony this morning, do you recall that?"

Another question was:

"All right, sir. And your testimony and what is stated in the report is that she came up—this is stated in the report— she came up to you and said, 'Man, let's go get the stuff' just like that, without you all saying anything to her?"

Repeatedly during the cross-examination, defense counsel asked the officer questions such as this, "And that is not in the report?" and received an affirmative answer.

We quote from Watts v. State, 75 Tex. Cr.R. 330, 171 S.W. 202 (1915):

"Thereupon the court stated that, counsel for defendant having asked the witness Harrington to state whether certain things were or were not in the ex parte statement, he did not see how counsel were in a position to object to it being read to the jury."

In the relatively recent case of Mabou v. State, 429 S.W.2d 891 (1968), this Court said:

"It should also be observed that in view of the action of appellant's counsel in reading certain portions of the police report to the witness in the presence of the jury, the court would not have erred in permitting the state to offer in evidence other portions of the report on the same subject."

We observe in passing that the report was in all material respects consistent with the officer's testimony and added nothing about which he had not testified.

We conclude here the admission into evidence of the offense report under the circumstances here presented did not constitute reversible error.

Appellant contends that the evidence is insufficient to show that the sale was made to the agent named in the indictment. Both agents were together during the entire transaction, one paid for and the other received the narcotics. There is no merit in such contention. Petty v. State, 121 Tex.Cr.R. 218, 53 S.W.2d 300 (1932).

Appellant lastly contends that the Court erred in admitting conversations between the agents and the two appellants after arrest. The two were not informed of the agents' true identity until they were placed under arrest. Nothing that was said thereafter was admitted.

The appeal of Mary Ellen Garcia is dismissed, and the judgment as to Joe G. Herrera is affirmed.