Cecil Paul **WILLEFORD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45532.

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

---

1. The docket sheet erroneously recites that appellant appeared in court on February 22, 1972, with counsel Slatten.

Homer A. Brown, of Brown, Brown & Bowen, Garland, for appellant.

Henry Wade, Dist. Atty., and Michael P. Gibson, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, thirty (30) days in jail and a fine of $200., probated.

■ Appellant's first ground of error relates to the prosecutor reading to the jury the arrest report of arresting officer, Vasquez. During the cross-examination of Vasquez, counsel for appellant brought out that the witness had refreshed his memory of the event by reading over his offense report. The report was requested and delivered to counsel by the prosecutor.[1] Counsel then attempted to impeach the witness on the basis of his report. When counsel questioned Vasquez regarding a discrepancy between his testimony and the report concerning the point at which he turned on his red lights and siren, the prosecutor objected, stating that if counsel intended to read from the State's work product that he should read all of it. When appellant protested, the Court asked if he had not been reading to the jury from "this instrument" to which counsel replied, "I read a portion of his [Vasquez'] notes". At this juncture the Court ruled that since appellant's counsel had been reading from the notes that the entire instrument would be admissible and appellant's counsel attempted to withdraw his last question in order to avoid the consequences of the ruling. Later, on redirect examination, the State read Vasquez' entire arrest report to the jury which included not only the material used to impeach the

---

1. We note that a witness need not necessarily refresh his memory from a prior statement in order for appellant to compel its production under the Gaskin Rule (Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467). Zanders v. State, Tex.Cr. App., 480 S.W.2d 708; Lewis v. State, Tex.Cr.App., 481 S.W.2d 804 (Concurring Opinion).

officer, but also the fact that after appellant was stopped, he failed a coordination test and refused a blood test.

Article 38.24, Vernon's Ann.C.C.P., provides that:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

See also 7 Wigmore Section 2113, p. 523; 23 Tex.Jur.2d Section 141, p. 206.

In Mabou v. State, Tex.Cr.App., 429 S. W.2d 891, we noted:

"It should also be observed that in view of the action of appellant's counsel in reading certain portions of the police report to the witness in the presence of the jury, the court would not have erred in permitting the state to offer in evidence other portions of the report *on the same subject*. Art. 38.24, Vernon's Ann.C.C. P.; Nations v. State, 91 Tex.Cr.R. 112, 237 S.W. 570; Aughts v. State, Tex.Cr. App., 364 S.W.2d 689." [Emphasis Supplied]

See also United States v. Grunewald, 164 F.Supp. 644; United States v. Dennis, 183 F.2d 201, aff. 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137.

In Sanders v. State, 458 S.W.2d 193, the appellant introduced contradictory testimony of a witness at a new trial involving the same appellant. The State then introduced the verdict, judgment and sentence in that trial. This Court reversed, specifically rejecting the State's claim that the documents were admissible under Article 38.24, V.A.C.C.P.

■ The State was entitled to introduce the remaining portion of the offense report which related to the circumstances surrounding the stopping of appellant's car. However, those portions of the offense report dealing with matters such as appellant's refusal to take a blood test, should not have been admitted and their admission constitutes reversible error. Cf. Lee v. State, 170 Tex.Cr.R. 566, 342 S.W.2d 753.

■ We hold that where a statement is made available to a defendant for impeachment, under the so-called Gaskin Rule [2], the State may then introduce in evidence only that portion of the statement used to impeach the witness or that which explains and clarifies the same subject. Any holding other than the one we reach here would render the Gaskin Rule impotent.

This situation is distinguishable from that in Garcia v. State, Tex.Cr.App., 473 S.W.2d 488, where we held that the admission of the offense report into evidence was not error when "the report was in all material respects consistent with the officer's testimony and added nothing about which he had not testified".

For the reasons stated, the judgment is reversed and the cause remanded.

---

2. Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467. See also Lewis v. State, Tex.Cr.App., 481 S.W.2d 804.