**Robert Dee ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46128.

Court of Criminal Appeals of Texas.

April 25, 1973.

Jack Napier, Dallas, for appellant.

Henry Wade, Dist. Atty., and Mike G. McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is making an obscene phone call; the punishment, one (1) year in jail and a fine of $500.

In view of our disposition of this case a recitation of facts is not required.

Ground of error number four complains of the admission of a prosecution "beef sheet" report. Appellant contends the admission of the entire report was error.

While cross-examining the investigating officer, appellant asked for and received a copy of the "beef sheet" from the prosecution. The "sheet" contained a report of the prosecutrix' complaint, a list of possible witnesses, together with a synopsis of their testimony, and a list of appellant's arrests and convictions. Counsel proceeded to question the officer from the report, asking about the information the prosecutrix gave him about the offense.

During redirect examination the State introduced the entire "beef sheet" report in evidence over appellant's objection.

In Willeford v. State, Tex.Cr.App., 489 S.W.2d 292, a DWI case, the appellant cross-examined a police officer, about his reasons for stopping the appellant's automobile, by reading from his offense report. On redirect examination, the State introduced the entire report, including a portion which stated appellant failed a coordination test and refused to take a blood test. This Court reversed the conviction because the entire report was admitted, stating that, " . . . where a statement is made available to defendant for impeachment . . . the State may then introduce in evidence only that portion of the statement used to impeach the witness or that which explains and clarifies the same subject."

The admission of the entire "beef sheet" report in the case at bar, including those portions of the report not "on the same subject" and which did not "explain" the impeachment, constitutes reversible error. Article 38.24, Vernon's Ann.C.C.P. See Sanders v. State, Tex.Cr.App., 458 S.W. 2d 193; and Mabou v. State, Tex.Cr.App., 429 S.W.2d 891. Cf. Garcia v. State, Tex Cr.App., 473 S.W.2d 488. See also 7 Wigmore, Section 2113, p. 523; 22 Tex.Jur. 2, Section 141, p. 206.

For the error shown the judgment is reversed and the cause remanded.