Joaquin BERMUDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 46827.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Frank P. Hernandez and Vincent W. Perini, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of assault to murder with malice. The jury assessed his punishment at 15 years' imprisonment.

The evidence reflects that the offense occurred on August 28, 1971. The complaining witness and some of his friends were standing around a vehicle in a shopping center parking lot. The witnesses testified that the appellant, in the company of others, drove by in a car, stopped, and made some provocative remarks. The witnesses told him to go away. In response, the appellant displayed a pistol and fired several times. One of the bullets struck the complaining witness in the leg.

Two days later, the complaining witness recognized the appellant at a shopping center and called the police, who, after receiving a description of the appellant, went to his home and arrested him.

The appellant first contends that reversible error occurred when the trial court made a comment on the weight of the evidence which adversely affected his alibi defense. The record reflects the following colloquy between the court and the defense witness, which occurred immediately after the witness took the stand:

"The Court: You look faintly amused by this. What is it?

"The Witness: Nothing."

Questions asked by appellant's counsel indicate that the witness was smiling, but meant no disrespect for the court.

■ The statement was not, in our opinion, a comment on the weight of the evidence, but was, rather, an effort by the court to impress upon the witness the serious nature of the proceedings of which the witness was a part. Under the circumstances, the statement was not such a one as would prejudice appellant's rights or benefit the State, and is not grounds for reversal. See Haynes v. State, 482 S.W.2d 191 (Tex.Cr.App.1972) and Byrd v. State, 421 S.W.2d 915 (Tex.Cr.App.1967).

In a related ground of error, appellant urges that the court should have sustained his objection to a question directed to the same witness by the prosecuting attorney. The statement of facts shows the following:

"Q Let me ask you, do you think all this is a pretty humorous thing?

"A No, sir.

"Q You and your friends have been out there in the hall laughing for the last two hours, haven't you?

"Defense Counsel: I object to this."

The witness subsequently admitted, in response to other questions to which no objection was posed, that he and some other witnesses had been laughing while they were in the hall.

■ We note first that appellant's was a general objection which fails to preserve error. See Williams v. State, 491 S. W.2d 142 (Tex.Cr.App.1973), and Myers v. State, 491 S.W.2d 412 (Tex.Cr.App.1973). Additionally, four similar questions were asked of the witness without objection. This also fails to preserve error. See Crestfield v. State, 471 S.W.2d 50 (Tex. Cr.App.1971) and Burns v. State, 470 S. W.2d 867 (Tex.Cr.App.1971).

■ Appellant next urges that he should have been granted a mistrial when the ar-resting officer, who had testified that he had known appellant for two years, was asked by the prosecuting attorney, "I assume that is not on a social basis, is it?" The record reflects that appellant's objection was sustained and that the jury was instructed to disregard the remark. Under the circumstances, this was sufficient to cure the error. See Holland v. State, 481 S.W.2d 410 (Tex.Cr.App.1972) and Hopkins v. State, 480 S.W.2d 212 (Tex.Cr. App.1972).

■ The appellant also urges that the court erred in overruling his objection to a leading question directed to a State's witness by the prosecuting attorney. The witness was asked, "Now as you were standing there talking, did you notice a Chevelle come near the location?" It was a Chevelle automobile from which the shots were fired; however, that fact had been securely established by other testimony. This Court has often observed that the mere asking of a leading question will rarely constitute reversible error. There was none here. See Ortega v. State, 462 S.W. 2d 296 (Tex.Cr.App.1970).

■ The remainder of appellant's grounds of error relate to occurrences at the punishment stage of his trial. He first complains that the court erred in overruling his objection to an unresponsive answer elicited during the cross-examination of a State's witness. Appellant's counsel had asked the witness, a police officer, whether any witnesses other than police officers were present to testify as to appellant's bad character. The witness answered: "No, they declined because of their . . .", at which point he was interrupted by appellant's objection. Appellant urges that the remark was highly prejudicial since it conveyed to the jury the impression that appellant's neighbors and others would not come to court.

We fail to see how appellant can have been injured by this uncompleted remark. It conveyed no information beyond the fact that some non-police witnesses declined to

appear as witnesses for the State. It certainly conveyed no information regarding the reasons for their refusal to appear. There was no error.

█ In a related ground of error, the appellant contends that he should have been granted a mistrial when another police officer stated, in response to defense counsel's request that he name some of appellant's neighbors, that he could not do so ". . . for fear of reprisal." Objection was promptly sustained and an instruction to disregard the remark was given to the jury. This sufficiently cured the error. See Cazares v. State, 488 S.W.2d 110 (Tex.Cr.App.1972); Thompson v. State, 486 S.W.2d 343 (Tex.Cr.App.1972); and Holland v. State, supra.

█ Appellant also argues that the prosecuting attorney circumvented the court's ruling on the improper response discussed above, by indirectly inquiring of the same witness about reprisals against those who testified.

The record reflects the following:

"Q Now, officer, did I, this morning, discuss with you the different people you have talked to about Bermudez?

"A Yes.

"Q And did we discuss the point about advisability of naming these people or trying to get them here in person?

"A Yes.

"Q Were you coached, or was that also your own impression that it was best not to bring them here for that reason?

"A No. It was my impression."

Reference to possible reprisals is, at best, indirect here. Additionally, we observe that counsel for appellant invited this questioning when he accused the witness of being coached.

Appellant next complains of another leading question, directed by the attorney for the State to a police officer witness. The witness was asked:

"Were you present and did you personally participate in the arrest of Bermudez on July 26, 1970, at 5:10 A.M. for disorderly conduct? *That was the one involving the .30–.30 rifle?*" (Emphasis added)

█ The statement was improper. However, appellant's objection thereto was sustained and the jury, at his request, were instructed to disregard. In view of the instruction, we do not feel that the improper remark requires reversal. See Hopkins v. State, supra, and Smallwood v. State, 464 S.W.2d 846 (Tex.Cr.App.1971).

█ The appellant also urges that the court erred in failing to sustain his objection to a question asked of a State's witness by the prosecutor which called for a conclusion. The witness was asked whether he ". . . had talked to the people in the community that know him best." (sic), referring to appellant. The question was improperly phrased; however, the contention appears to be without merit in view of the fact that two other witnesses were asked the same question without objection. See White v. State, 486 S.W.2d 377 (Tex.Cr.App.1972) and East v. State, 420 S.W.2d 414 (Tex.Cr.App.1967).

Appellant's grounds of error ten through thirteen deal with the admission into evidence, over his objection, of the entire contents of certain arrest and police investigation reports involving the appellant.

The record reflects that the appellant called as a witness an employee of the Records Division of the Dallas Police Department, who was present in response to appellant's subpoena requesting ". . . every single criminal record of any type that the City of Dallas possesses on Joaquin Bermudez." Appellant's counsel had the records marked as defense exhibits and proceeded to question the witness about

their contents, specifically about the dates of the arrests, the charges, the addresses at which the arrests occurred, and whether other charges were filed as a result of the arrests. The apparent thrust of the questions was to impress upon the jury that the appellant had only limited contacts with the police, and that those contacts were minor ones since no charges were filed in some of the arrests. Appellant's counsel then passed the witness for cross-examination without having formally offered the reports into evidence. The State immediately offered all the reports. At this point, appellant's counsel objected because the reports contained hearsay statements by the officers who made the reports.

We observe initially that since none of the arrests which were the subjects of these reports had resulted in final convictions, evidence regarding the arrests would have been inadmissible if offered by the State. See Art. 37.07, Sec. 3(a), Vernon's Ann.C.C.P. However, since the appellant first offered the evidence, this consideration does not arise.

We are of the opinion that, under the circumstances presented here, the reports were admissible under the terms of Art. 38.24, V.A.C.C.P. In view of the facts that the appellant first raised the subject of the reports, that he questioned the witness as to their contents, and that by his questions he implied that the arrests were frivolous, we believe that the contents of the reports (which were related to the same subject and merely stated the facts out of which the arrest occurred) were admissible to explain the arrests and make them fully understood.[1] See Art. 38.24, V.A.C.C.P., and Young v. State, 488 S.W.2d 92 (Tex.Cr.App.1972) and cases there cited; and compare Allen v. State, 493 S.W.2d 515 (Tex.Cr.App.1973) and

Willeford v. State, 489 S.W.2d 292 (Tex. Cr.App.1973).

The appellant also urges that error was committed during the closing arguments at the punishment stage when the prosecuting attorney stated to the jury:

". . . prosecutors have no responsibility to ask [you] to find a man guilty of a crime that they don't know he's guilty of."

Had this occurred in the argument at the guilt-innocence stage of the trial, a more serious question would have been presented. However, since the statement occurred at the punishment stage, when appellant had already been found guilty, and since his objection was sustained and the jury instructed to disregard, the impropriety of the remark does not require reversal. Compare Fowler v. State, 500 S.W.2d 643 (Tex.Cr.App.1973).

The judgment is affirmed.

---

1. Art. 38.24, V.A.C.C.P., states:
   "When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."