James Marvin WISDOM, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–021–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 30, 1981.

Rehearing Denied Dec. 23, 1981.

Discretionary Review Refused
March 24, 1982.

A. L. Hernden and Frederick R. Zlotucha, San Antonio, for appellant.

Robert Salinas, Criminal Dist. Atty., Donna, for appellee.

## OPINION

UTTER, Justice.

This is an appeal from a conviction for aggravated assault. After the jury found the appellant guilty, the appellant waived the jury as to punishment, and the trial court then assessed punishment at five (5) years in the penitentiary with a $250.00 fine and granted probation.

The testimony reflects that appellant was a passenger in a pick-up truck from which numerous shots were fired wounding the complaining witness, Moises Anzaldua, Jr. Although there is a dispute as to what caused the altercation, appellant admits that he fired some shots at the vehicle in which Anzaldua was riding. Appellant contended that he never shot at any individual but was only shooting at the vehicle.

▪ In his first ground of error, appellant complains that the trial court erred in admitting into evidence the offense report of Deputy Sheriff Joe Longoria. On the original direct examination of the Deputy, no attempt was made by the prosecuting attorney to introduce the report. On cross-examination of Deputy Longoria the appellant read from a portion of the officer's report in an attempt to show that a portion of his oral testimony was inconsistent with his written report. After the appellant read this portion of the written report and cross-examined the Deputy as to any inconsistencies compared to his oral testimony, the trial court admitted such report into evidence. The Deputy had testified fully on both direct and cross-examination to the same facts as set forth in his written report. Under these facts and circumstances the trial court did not err in admitting the written report. *Cerda v. State*, 557 S.W.2d

954 (Tex.Cr.App.1977); *Palafox v. State*, 484 S.W.2d 739 (Tex.Cr.App.1972); *Mabou v. State*, 429 S.W.2d 891 (Tex.Cr.App.1968).

Appellant relies upon *Coulter v. State*, 494 S.W.2d 876 (Tex.Cr.App.1973) and others to show that such written report was not admissible. However, these cases are distinguishable in that these cases concern written notations and memoranda containing inadmissable hearsay which were introduced by the state on direct examination. Those cases do not relate to situations where portions of the possible inadmissable statements are read to the jury on cross-examination and then an objection is made on re-direct examination to the admissibility of such portions previously read or testified to. Appellant's first ground of error is overruled. *Cerda v. State*, supra.

▪ Appellant's second ground of error complains of the admission into evidence of three photographs. Appellant objected to certain notations on the back portion of the photographs. The trial court ordered the back portions covered before being displayed to the jury. This was done and appellant made no further objections to the back portions. Appellant then objected to the photograph described as State Exhibit A, which was a photograph of the victim Anzaldua lying on a hospital bed. The photograph showed the wounds sustained by Anzaldua which were bandaged at the time. Appellant contends this photograph was inflamatory and prejudicial and should not have been admitted. We disagree. *Byrd v. State*, 495 S.W.2d 226 (Tex.Cr.App.1973); *Martin v. State*, 475 S.W.2d 265 (Tex.Cr. App.1972). Appellant's second ground of error is overruled.

▪ Appellant next contends in ground of error three that the form of aggravated assault submitted in the court's charge requiring that the actor engage in reckless conduct is not a lesser included offense of attempted murder and should not have been submitted. On the law of aggravated assault the trial court instructed the jury that if they found and believed from the evidence beyond a reasonable doubt that

the defendant "did intentionally, knowingly, or recklessly cause bodily injury to Moises Anzaldua, Jr., by shooting him with a . . . firearm" then they should find the defendant guilty of aggravated assault. We disagree with appellant's contention and find that the trial court properly submitted the law of aggravated assault. *Teal v. State*, 543 S.W.2d 371, 373 (Tex.Cr.App. 1976).

In ground of error four appellant contends the trial court improperly instructed the jury on the law of reckless injury of an innocent third person. Tex.Penal Code Ann., Sec. 9.05 (Vernon 1974). We decline to review this ground because no objection to the instruction was made in the trial court. *Paul v. State*, 544 S.W.2d 668, 672 (Tex.Cr.App.1976).

The judgment of the trial court is affirmed.