Bertha Louise **ROMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46705.

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

---

1. What part the girl had in the attempted robbery or if she had a part is not shown by the record.

Charles W. Tessmer, Ronald L. Goranson, Donald R. Scoggins, Dallas, for appellant.

Henry Wade, Dist. Atty., & Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The offense is possession of marihuana; the punishment, four years.

In view of our disposition of this cause, a recitation of the facts is not necessary, other than to observe that appellant's apartment was searched and a quantity of marihuana was found. Appellant, testifying in her own behalf, stated that she had never seen the marihuana before, and the only explanation she could offer was that her boyfriend J. C. had brought the marihuana to her apartment in her absence.

Appellant's eighth ground of error complains of the trial court's ruling which allowed state's witness Officer Collins to testify to the entire conversation had with a confidential informant. Upon cross-examination by appellant's counsel, Collins testified that his informant had told him that J. C. might be in the apartment when he arrived. Thereafter, over appellant's hearsay objection, Collins was permitted to answer on redirect that the informant told him that on another occasion he had been to appellant's apartment and had seen a large quantity of marihuana and had seen appellant and J. C. rolling, smoking and packaging it.

The State contends that appellant, by first inquiring into the conversation with the informant, opened the subject and thereby authorized the prosecution to introduce the entire conversation. In support of this proposition reliance is placed upon Article 38.24, Vernon's Ann.C.C.P., and decisions citing same.

Article 38.24, supra, provides:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole *on the same subject* may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence." (Emphasis added.)

█ The purpose of this provision is to reduce the possibility of the fact finder receiving a false impression from hearing the evidence of only a part of the conversation, writing, act or declaration. The theory behind the rule is that by allowing the jury to hear the rest of the conversation on the same subject the whole picture will be filled out, removing any misleading effect which may have occurred from introduction of only a portion of the conversation. Obviously this purpose is achieved by receipt of the balance of the conversation *on the same subject*. But to permit under this rule the introduction of other portions of such a conversation wholly unrelated to the matter initially gone into cannot contribute to achievement of the purpose of the rule. Consequently, it is improper to rely upon this rule as authority for the introduction of such unrelated portions.

In Sanders v. State, Tex.Cr.App., 458 S.W.2d 193 (1970), this court considered the propriety of the state's introduction of the verdict, judgment and sentence in defendant's former trial upon the basis of Article 38.24, supra, because of defendant's use of a portion of the testimony given at the prior trial to impeach a witness. This court there explained the operation of Article 38.24 with the following language:

"Appellant relies upon Earnest v. State, 83 Tex.Cr.R. 257, 202 S.W. 739, where the defense introduced isolated

portions of a girl's testimony in an examining trial, and the State introduced the entire statement. In reversing the conviction, the court wrote:

" '. . . [t]he state would have the right to introduce such portions of her examining trial testimony as bore upon and were explanatory of those put in evidence by appellant, but that portion of the examining trial testimony that did not shed light upon those introduced by defendant would not be admissible. . . .'

"The verdict, judgment and sentence in the Tarrant County conviction did not explain in any way, or shed any light upon the testimony of the witness whose testimony was sought to be impeached, and they are not admissible under Article 38.24, supra."

█ In the case before us, it is equally true that Collins was permitted to testify to portions of the informant's conversation which "did not explain in any way, or shed light upon" the matter gone into by appellant. Cf. Allen v. State, 493 S.W.2d 515; Willeford v. State, 489 S.W.2d 292.

The state cites numerous cases in its brief in support of its proposition that when a defendant offers a portion of a conversation the state is authorized to show the entire conversation. Although some of the cited opinions do use such broad language, it appears that in fact the portions offered by the state were on the same subject gone into by the defendant, and were for the purpose of explaining the whole of the conversation on the same subject, as permitted by Article 38.24, supra. Thus, although those cases were properly decided, the overlybroad statement that the whole conversation may be shown is not supported by the language of the statute and should not be relied upon in the future.

For the error cited, the judgment is reversed and the cause remanded.