Terry Leon AUSTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–84–0231–CR.

Court of Appeals of Texas, Tyler.

May 29, 1986.

John D. Sloan, Longview, for appellant.

Jerome H. Ferguson, III, Dallas, for appellee.

BILL BASS, Justice:

The jury convicted appellant of involuntary manslaughter and assessed punishment at three and one-half years in prison. He contends that the court erred when it denied his motion for a mistrial after the prosecutor made an improper jury argument at the punishment phase and when it admitted into evidence a conversation between him and a police officer in violation of Tex.Code Crim.Proc.Ann. arts. 38.22, 38.-24 (Vernon 1979). We affirm.

On March 11, 1984, appellant killed his wife by shooting her in the head with a pistol. His sole defense to the charge of involuntary manslaughter was that the shooting was an accident. Appellant filed an application for probation and produced several character witnesses who testified that he had never been convicted of a felony and would be an "excellent candidate for probation." The prosecutor's argument to the jury included the following statement:

> If you go in there and pat him on the wrist, let me tell you something right now, if you go in there and pat that man on the wrist and say, we give you a little probation, now, you're going to get to go home, ride down that elevator and go home, if you give him that probation, don't ever pick up another newspaper, don't ever read another magazine, don't ever look at another television, don't listen to another radio of any account where a drunk driver drives his car out and kills some people, don't ever look at that and say, 'He ought to be in the penitentiary,' because you've got a man here that's got a deadly weapon in his hand and kills somebody. If you pat him on the wrist, don't ever say if some of your folks or some of your friends or

somebody gets killed, child, women, a child on a school bus, by a drunk driver through a wreckless [sic] accident don't ever say that man ought to be in the penitentiary.

The court sustained appellant's objection that the argument was "outside the record" and instructed the jury to disregard the prosecutor's statement, but it denied appellant's motion for a mistrial.

 In his first two grounds of error, appellant contends that the court erred when it denied his motion for a mistrial. He argues that the large amount of publicity surrounding the reform laws relating to the offense of driving while intoxicated and the public cry for stronger punishment of drunk drivers unfairly prejudiced the jury against him on a plea for probation. He charges that the prosecutor thereby injected into the minds of the jurors subject matter extraneous to the offense of involuntary manslaughter and that the comparison of carrying a loaded gun while intoxicated and driving an automobile while intoxicated was so clearly inflammatory and prejudicial that the court's instruction for the jury to disregard the argument could not have cured the error. Furthermore, appellant contends that the prosecutor, by suggesting to the jurors that "[their] folks or some of [their] friends" might be killed by a drunk driver who had been granted probation, had improperly asked the jurors to view and deny his request for probation from a "first person viewpoint." However, the State insists that the argument was proper as a legitimate plea for law enforcement and a permissible argument against the jury granting appellant probation. Grounds one and two must be overruled.

The purpose of a closing argument in the punishment phase of a criminal trial is to assist the jury in properly analyzing the evidence presented at the guilt/innocence phase so that they may arrive at a just and reasonable conclusion on punishment. *Campbell v. State*, 610 S.W.2d 754, 756 (Tex.Cr.App.1980). Argument by the prosecutor which is outside the record is improper unless it is based on matters of common knowledge. *Carter v. State*, 614 S.W.2d 821, 823 (Tex.Cr.App.1981). An improper jury argument will result in reversible error when it is extreme, manifestly improper or injects new and harmful facts before the jury. *Id.* However, any harm resulting from an improper argument is usually cured when the court sustains an objection to the argument and instructs the jury to disregard it. *Id.* Because the court sustained appellant's objection and promptly instructed the jury to disregard the argument, the question arises whether the argument was so extreme or manifestly improper and prejudicial that its harmful effect could not have been removed by the court's curative instruction.

We have examined the record and do not find that the argument was so egregious as to constitute reversible error. The record reflects that the prosecutor did not deliberately and persistently engage in prosecutorial misconduct. The State was entitled to make a strong plea for law enforcement and to argue against appellant's plea for probation. *See Dabbs v. State*, 507 S.W.2d 567, 570 (Tex.Cr.App.1974); *Bacon v. State*, 500 S.W.2d 512 (Tex.Cr.App.1973). Considering the context in which the argument was made and the prosecutor's entire argument on punishment, any harm resulting from the argument was not so prejudicial and was not of such a character that the impression it made upon the jurors could not have been removed by the court's instruction to disregard. *Carter*, 614 S.W.2d at 823. Furthermore, the error is harmless unless there is a reasonable possibility that the argument might have contributed to the punishment assessed. *Garrett v. State*, 632 S.W.2d 350, 353–54 (Tex. Cr.App.1982). The punishment assessed to appellant was three and one-half years in prison. We have no indication that any error by the prosecutor's argument was so inflammatory that its prejudicial effect was not reasonably removed by the court's instruction. *See Blansett v. State*, 556 S.W.2d 322, 328 (Tex.Cr.App.1977). Grounds one and two are overruled.

In his third ground, appellant argues that the court erred when it admitted into evidence the testimony of Officer Pierce relating to a conversation between him and appellant. He contends that the testimony violated articles 38.22 and 38.24 of the Texas Code of Criminal Procedure. Appellant's counsel questioned Pierce on cross-examination about a conversation that occurred in the restroom of the police department:

Q. Officer Pierce, [appellant] told you that night did he not that he did not intend for anyone to be hurt?

A. Yes, sir.

Q. He also told you that this [shooting] was an accident?

A. Yes sir.

On redirect examination by the prosecutor, the following testimony was admitted into evidence over appellant's objection:

Q. Officer Pierce, in response to questions by Defense Counsel, you have testified to various parts of conversation between yourself and Defendant. Was there something else involved in that conversation?

. . . . .

A. After we got back to the CID Office, I asked [appellant] what would cause something like this to happen, and he made the statement that, 'Well, we was engaged in some sexual activity and she got up in the middle of it and got her housecoat on and walked out of the house.'

Article 38.24 provides:

When part of an act, declaration, conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence.

Appellant contends that the testimony of Officer Pierce concerned two separate conversations which were held minutes apart. Therefore, he argues that any statement that he made in the second conversation, which occurred in the CID office, was not admissible under article 38.24 to explain his first statement, which was made in the restroom of the police department. He reasons that neither article 38.22 nor 38.24 applies and that the second statement was improperly admitted into evidence. He relies on *Roman v. State*, 503 S.W.2d 252 (Tex.Cr.App.1974), in which the Court of Criminal Appeals held that article 38.24 did not permit the introduction of evidence of a conversation which pertained to a subject different from that covered by the portion of the conversation brought out by the defendant.

We hold that the evidence was admissible under article 38.24 even if the conversations between appellant and Officer Pierce were two separate and distinct conversations. The statements in the two conversations were pertaining to "the same subject between the same parties" and the State's introduction of the second conversation was clearly necessary to aide the jury in fully understanding the first conversation. When appellant's attorney pursues a subject that would ordinarily be outside the realm of proper comment by the prosecution, appellant "opens the door" and creates a right of reply by the prosecutor. *See Hart v. State*, 447 S.W.2d 944 (Tex.Cr.App.1969). We are mindful of the court's admonition in *Roman* that the provisions of article 38.24 do not expand to allow the prosecution to introduce conversations "wholly unrelated to the matter initially gone into." *Roman*, 503 S.W.2d at 253. However, the facts before us in this case can be distinguished from the facts in *Roman*. Here, appellant's counsel introduced evidence on cross-examination that appellant had told Officer Pierce that the shooting of his wife was an "accident." At the time he made the statement, appellant was under investigation for the death of his wife. The question of appellant's counsel to Officer Pierce "opened the door"; there-

fore, the conversation with appellant that served to explain the previous statement made by appellant to Officer Pierce pertaining to the same subject became admissible. *See Patterson v. State*, 509 S.W.2d 857 (Tex.Cr.App.1974); *Hart v. State*, 447 S.W.2d 944 (Tex.Cr.App.1969); *Vasquez v. State*, 415 S.W.2d 188 (Tex.Cr.App.1967). Otherwise, the first statement made by appellant to Officer Pierce, if received without rebuttal, would have caused the jury to believe that there was no other possible explanation for the shooting. Although the conversation may have occurred minutes after the first conversation, appellant's statement relating to why his wife had been shot was admissible because it related to the same subject as the first conversation and was between the same parties.

Furthermore, article 38.24 does not restrict the explanatory act, declaration, conversation or writing to the time when the act, declaration, conversation or writing sought to be explained occurred. *See Greene v. State*, 17 Tex.Ct.App. 395, 405 (1885). In *Greene*, the court referred to article 751 of the Code of Criminal Procedure of 1856, now Article 38.24, and stated:

> This article expands the common law rule with reference to such evidence. At common law, when a confession or admission is introduced in evidence against a party, such party is entitled to prove the whole of what he said on the subject at the time of making such conversation or admission.... But the above quoted article does not restrict the explanatory act, declaration, conversation or writing to the time when the act, declaration, conversation or writing sought to be explained occurred, but extends the rule so as to render such acts or statements admissible, if necessary to a full understanding of, or to explain acts or statements introduced in evidence by the adverse party, although the same may have transpired at a different time, and at a time so remote even as to not be admissible as res gestae.

In *Greene*, the State had introduced a statement of the defendant admitting that he had killed the deceased. However, the State objected to the introduction of a written statement that had been made by the defendant the day after the killing in which he stated that he had killed the deceased because he raped the defendant's stepdaughter. The court held that the second statement was admissible because it was necessary to a full understanding of the defendant's confession. Its credibility and the weight to be given it were matters for the jury to determine. *See Greene*, 17 Tex.App. at 407. In *Greene*, the defendant was trying to introduce his statement, which was exulpatory, whereas in this case, the State was attempting to introduce an inculpatory statement made by defendant. However, there is no language in article 38.24 limiting its availability to either party. To the contrary, it appears to be clearly within the purview of the article to allow either the defendant or the prosecution to introduce in evidence any act or statement necessary to the full understanding or explanation of an act or statement previously introduced by the opposing party. *See Crawford v. State*, 617 S.W.2d 925 (Tex.Cr.App.1980); *Jackson v. State*, 423 S.W.2d 322 (Tex.Cr.App.1968). Although the second statement to Officer Pierce was made in a separate conversation occurring minutes after the first conversation, the provisions of article 38.24 permit the introduction of the second statement by the State because it was necessary to a full understanding or explanation of the first statement introduced by appellant. Ground three is overruled.

The judgment is affirmed.