**Kenneth GILMORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–87–00230–CR.**

Court of Appeals of Texas, Dallas.

Dec. 16, 1987.

Lawrence B. Mitchell, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before DEVANY, BAKER and LAGARDE, JJ.

BAKER, Justice.

Appealing from his murder conviction, Kenneth Gilmore is contending that the trial court erred in failing to admit evidence he offered contemporaneously with the admission of evidence offered by the State. Finding no merit in this contention, we affirm the trial court's judgment.

During direct examination of Dallas Police Officer Stan McNear, the State sought to offer into evidence appellant's written confession. State's Exhibit 14 was a handwritten judicial confession by appellant. State's Exhibit 15 was a copy of the same handwritten confession with two portions deleted. The State offered Exhibit 14 for record purposes only and Exhibit 15 for all purposes. Appellant moved the trial court to require introduction of Exhibit 14 for all purposes. The court overruled this motion. However, shortly thereafter, during the State's continuation of its direct examination of Officer McNear, the State withdrew its objection to Exhibit 14, and it was admitted for all purposes.

■ Appellant contends that the trial court's failure to admit the document in its entirety at the time he made the request is a violation of Rule 106 of the Texas Rules of Criminal Evidence. This rule provides that when a writing or part thereof is introduced by a party, the adverse party may at that time introduce any other part of the writing which ought in fairness to be considered contemporaneously with it. Appellant contends the terms of this rule are mandatory. Although the document was admitted shortly after the appellant first requested its admission, appellant argues that the failure to enter the same contemporaneously with the State's Exhibit was error because it was critical for the defense that the jury understand that the completed confession introduced originally before them was in fact consistent with the version of events *subsequently* presented by appellant in his testimony. Appellant argues that the circumstances establish harm to him from the violation of the mandatory terms of Rule 106 of the Texas Rules of Criminal Evidence. We disagree.

Rule 106 of the Texas Rules of Criminal Evidence is not written in mandatory terms. This rule is a narrow modification of the doctrine of optional completeness, controlling the time an adversary can introduce certain kinds of remainder evidence. The language of the rule is a permissive grant and not a requirement. As noted in the comment to the rule, this rule does not in any way circumscribe the right of a party to develop fully the matter on cross-examination or as part of his own case. Since it is a permissive grant, not a requirement, the adversary may introduce the remainder evidence contemporaneously with the presentation of the incomplete evidence, he can wait to do so during cross-examination, or during the development of his own case. TEX.R.CRIM.EVID. 106. We hold that the terms of this rule are not mandatory.

The underlying purpose for both rules 106 and 107 of the Texas Rules of Criminal Evidence is to reduce the possibility of the fact finder receiving a false impression from hearing the evidence of only a part of a writing. The theory is that by allowing the jury to have the benefit of the rest of the writing on the same subject, the whole picture will be presented removing any misleading effect which may have occurred from introducing only a portion of the writing. *See Roman v. State*, 503 S.W.2d 252, 253 (Tex.Crim.App.1974). The *Roman* case was construing article 38.24 of the Texas Code of Criminal Procedure which in part is the predecessor to Rule 106.

■ In this case, the writing that appellant requested to be admitted was in fact admitted by the trial court during the remainder of the direct examination by the State of Officer McNear; therefore, both documents were before the jury prior to appellant's subsequent testimony concerning his version of the facts. We conclude

that circumstances in this case do not demonstrate that the appellant was harmed or otherwise prejudiced by the trial court's action. TEX.R.APP.P. 81(b)(2); *Prior v. State,* 647 S.W.2d 956, 959 (Tex.Crim.App. 1983); *Rezac v. State,* 722 S.W.2d 32, 33 (Tex.App.—Dallas 1986, no pet.).

Appellant's point of error is overruled and the trial court's judgment is affirmed.