COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-056-CV
 
IN THE MATTER OF B.M.N.
 
------------
FROM THE 323
RD DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant B.M.N. appeals from his delinquency adjudication for
indecency with a child. Appellant had been molesting the twelve-year-old victim
for about five years, beginning when the victim was about seven years old. At
trial, the State admitted a portion of a videotape interview between the
investigating officer and the victim where the victim stated appellant molested
her. In one point, appellant argues that under the rule of optional
completeness, the trial court abused its discretion in overruling his request to
have the remainder of the videotape interview played before the jury. During the
remaining portions of the videotape that were not admitted into evidence, the
victim claims to have been molested by a babysitter when she was six or seven
and that she had been told that someone else may have done something to her when
she was three years old. We affirm.
The rule of optional completeness provides:

        When
 part of an act, declaration, conversation, writing or recorded statement is
 given in evidence by one party, the whole on the same subject may be inquired
 into by the other, and any other act, declaration, writing or recorded
 statement which is necessary to make it fully understood or to explain the
 same may also be given in evidence, as when a letter is read, all letters on
 the same subject between the same parties may be given. 'Writing or recorded
 statement' includes depositions.

Tex. R. Evid. 107. By the plain language of the rule, when part of a
conversation is placed into evidence by one party, the other party can put the
remainder of the conversation into evidence to explain the prior comments or
otherwise make them fully understood. Wright v. State, 28
S.W.3d 526, 536 (Tex. Crim. App. 2000), cert. denied, 531
U.S. 1128 (2001). The purpose of the rule is to correct any potentially
misleading impression created when only a portion of evidence is introduced. See
Roman v. State, 503 S.W.2d 252, 253 (Tex. Crim. App. 1974). The standard of
review for a trial court's ruling on the admissibility of evidence is an abuse
of discretion. Angleton v. State, 971 S.W.2d 65, 67 (Tex.
Crim. App. 1998).
The trial court ruled that the remainder of the videotape that
appellant sought to have admitted was "not relevant to this petition."
Appellant claims that the remaining portions of the videotape should have been
admitted "to allow for exploration into the manner and methods used by [the
detective] in interviewing the victim" and because those portions of the
videotape were "necessary to establish . . . that the victim had been
sexually assaulted by persons other than himself and could support a theory of
'reasonable doubt' concerning the victim's veracity in reporting who the
perpetrator was."(2) Relying on this court's
opinion in Hughes v. State, appellant claims that the
State opened the door to having the remainder of the videotape interview
introduced into evidence when it offered the testimony of the interviewing
detective regarding how he normally conducted such interviews by asking the
child "if anyone has ever touched their private body parts." 850
S.W.2d 260, 263 (Tex. App.--Fort Worth 1993, pet. ref'd).
In Hughes v State, the State introduced expert
testimony regarding factors to consider in judging the credibility of a child
sexual assault victim in order to respond to inconsistent testimony from the
victim on cross-examination. Id. The expert testified to
various factors to consider in judging the victim's credibility, all of which
favored finding the victim in that case credible. Id.
Outside the jury's presence, however, the expert also testified that another
factor to consider is whether the victim had made accusations of sexual assault
against other persons in the past. Id. The defense argued
that this testimony should have been admitted under the rule of optional
completeness because the State opened the door to it by offering the expert's
testimony on the various factors to consider. Id. This
court agreed, but ruled that the trial court's error in excluding the evidence
was harmless because there had been no showing that the prior allegations of
sexual assault were false. Id. at 264.
Unlike the victim in Hughes, however, appellant
has not shown that the victim was providing inconsistent testimony on the
circumstances of her abuse. Thus, once the jury in this case learned that the
victim responded to the detective's question by stating that appellant touched
her private parts, it was not necessary to admit into evidence accusations by
the victim that other people also had allegedly molested her in order for the
jury not to be mislead on the issue relevant to the case--whether the victim had
been molested by appellant.(3) In Hughes,
on the other hand, the State sought to exclude the one factor for determining
credibility that had the greatest potential for shaping the jury's determination
of the credibility of the victim-whether the victim had made prior accusations
of sexual assault against other people.
The issue in this case is whether appellant molested the victim. The
remaining portions of the interview add nothing to that issue, and their
omission from the evidence under the facts of this case would not mislead the
jury. Furthermore, the State opened no door "for exploration into the
manner and methods used by [the detective] in interviewing the victim" by
simply soliciting testimony that he asked children whether anyone had ever
touched their private parts. Accordingly, we hold that the trial court's ruling
to exclude the remaining portions of the videotape was within the zone of
reasonable disagreement. See Reyna v. State, 99 S.W.3d
344, 346 (Tex. App.--Fort Worth 2003, no pet.) ("An appellate court will
not reverse a trial court's ruling unless the ruling falls outside the zone of
reasonable disagreement."). We overrule appellant's sole point.
We affirm the trial court's judgment.
 
                                                                       
PER CURIAM
 
PANEL F: DAY, HOLMAN, and GARDNER, JJ.
DELIVERED: August 27, 2003

1. See Tex. R. App. P. 47.4.
2. Appellant also appears to be arguing that testimony of
the detective, which was solicited outside the jury's presence, should have also
been admitted into evidence because it would have shown that the police and the
district attorney's office chose not to investigate the allegations the victim
made to the officer regarding other persons who molested her. The admissibility
of the detective's testimony is outside the scope of appellant's point on
appeal, i.e., the admissibility of the videotape interview. See
Tex. R. App. P. 38.1(e). Thus, we will not consider this evidence or argument in
ruling on appellant's point.
3. The detective only asked the victim whether she had
been molested by other people after discussing with her the actions of appellant
for over thirty minutes.