IN THE MATTER OF B.M.N., A MINOR CHILD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-056-CV

IN THE MATTER OF B.M.N. 

------------

FROM THE 323
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant B.M.N. appeals from his delinquency adjudication for indecency with a child.  Appellant had been molesting the twelve-year-old victim for about five years, beginning when the victim was about seven years old.  At trial, the State admitted a portion of a videotape interview between the investigating officer and the victim where the victim stated appellant molested her.  In one point, appellant argues that under the rule of optional completeness, the trial court abused its discretion in overruling his request to have the remainder of the videotape interview played before the jury.  During the remaining portions of the videotape that were not admitted into evidence, the victim claims to have been molested by a babysitter when she was six or seven and that she had been told that someone else may have done something to her when she was three years old.  We affirm.

The rule of optional completeness provides: 

When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence, as when a letter is read, all letters on the same subject between the same parties may be given.  'Writing or recorded statement' includes depositions.

Tex. R. Evid.
 107.  By the plain language of the rule, when part of a conversation is placed into evidence by one party, the other party can put the remainder of the conversation into evidence to explain the prior comments or otherwise make them fully understood.  
Wright v. State
, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000), 
cert. denied
, 531 U.S. 1128 (2001).  The purpose of the rule is to correct any potentially misleading impression created when only a portion of evidence is introduced.  
See Roman v. State
, 503 S.W.2d 252, 253 (Tex. Crim. App. 1974).  The standard of review for a trial court's ruling on the admissibility of evidence is an abuse of discretion.  
Angleton v. State
, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998).  

The trial court ruled that the remainder of the videotape that appellant sought to have admitted was “not relevant to this petition.”  Appellant claims that the remaining portions of the videotape should have been admitted “to allow for exploration into the manner and methods used by [the detective] in interviewing the victim” and because those portions of the videotape were “necessary to establish . . . that the victim had been sexually assaulted by persons other than himself and could support a theory of ‘reasonable doubt’ concerning the victim’s veracity in reporting who the perpetrator was.”
(footnote: 2)  Relying on this court’s opinion in 
Hughes v. State
, appellant claims that the State opened the door to having the remainder of the videotape interview introduced into evidence when it offered the testimony of the interviewing detective regarding how he normally conducted such interviews by asking the child “if anyone has ever touched their private body parts.”  850 S.W.2d 260, 263 (Tex. App.—Fort Worth 1993, pet. ref’d). 

In 
Hughes v State
, the State introduced expert testimony regarding factors to consider in judging the credibility of a child sexual assault victim in order to respond to inconsistent testimony from the victim on cross-examination. 
 Id.
  The expert testified to various factors to consider in judging the victim’s credibility, all of which favored finding the victim in that case credible.  
Id.
  Outside the jury’s presence, however, the expert also testified that another factor to consider is whether the victim had made accusations of sexual assault against other persons in the past. 
 Id.
  The defense argued that this testimony should have been admitted under the rule of optional completeness because the State opened the door to it by offering the expert’s testimony on the various factors to consider. 
 Id.
  This court agreed, but ruled that the trial court’s error in excluding the evidence was harmless because there had been no showing that the prior allegations of sexual assault were false. 
 Id. 
at 264.

Unlike the victim in 
Hughes
, however, appellant has not shown that the victim was providing inconsistent testimony on the circumstances of her abuse
.  Thus, once the jury in this case learned that the victim responded to the detective’s question by stating that appellant touched her private parts, it was not necessary to admit into evidence accusations by the victim that other people also had allegedly molested her in order for the jury not to be mislead on the issue relevant to the case—whether the victim had been molested by appellant.
(footnote: 3)  In 
Hughes
, on the other hand, the State sought to exclude the one factor for determining credibility that had the greatest potential for shaping the jury’s determination of the credibility of the victim–whether the victim had made prior accusations of sexual assault against other people.  

The issue in this case is whether appellant molested the victim.  The remaining portions of the interview add nothing to that issue, and their omission from the evidence under the facts of this case would not mislead the jury.  Furthermore, the State opened no door “for exploration into the manner and methods used by [the detective] in interviewing the victim” by simply soliciting testimony that he asked children whether anyone had ever touched their private parts.  Accordingly, we hold that the trial court’s ruling to exclude the remaining portions of the videotape was within the zone of reasonable disagreement.  
See Reyna v. State
, 99 S.W.3d 344, 346 (Tex. App.—Fort Worth 2003, no pet.) (“An appellate court will not reverse a trial court's ruling unless the ruling falls outside the zone of reasonable disagreement.”).  We overrule appellant’s sole point.

We affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAY, HOLMAN, and GARDNER, JJ.

DELIVERED:  August 27, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant also appears to be arguing that testimony of the detective, which was solicited outside the jury’s presence, should have also been admitted into evidence because it would have shown that the police and the district attorney’s office chose not to investigate the allegations the victim made to the officer regarding other persons who molested her.  The admissibility of the detective’s testimony is outside the scope of appellant’s point on appeal, i.e., the admissibility of the videotape interview.  
See
 
Tex. R. App. P.
 38.1(e).  Thus, we will not consider this evidence or argument in ruling on appellant’s point.   

3:
The detective only asked the victim whether she had been molested by other people after discussing with her the actions of appellant for over thirty minutes.